The opinion of the court was delivered by
Huston, J.
If it appeared that the objections made on the motion to arrest the judgment, had been mad$ and decided on by the court when they refused to strike off the appeal, there would be such error, as that we must, however reluctantly, reverse the judgment. There is nothing on the minutes or record to show on which of the above grounds the application to strike off was made; and there is strong reason to believe it was not on the latter ground. The justice does not even pretend to send up the recognizance of bail; this is usually done; but, though not done, the court will grant a certiorari to the justice to send it up at’ any time. It would be a sfrange supposition, that the court below had determined that an appeal could'be sustained without having entered bail, or that the matter would have been decided without a certiorari to the justice. That this objection was not taken below, is apparent on the whole return. To reverse, on mere form, a verdict and judgment, requires more than surmise — more than a possibility that error existed. In every case, the party objecting has it in his power to put on the record the very point made to the court trying the cause, and their decision on that point; and, if we must reverse! it ought to be when we know the very matter decided, and that it was decided wrong. It will not do to reverse a verdict and judgment, and deprive the party of the effect thereof, for any other reason that an error specific and defined on the record. The motion to strike off an appeal is sometimes founded on something apparent on-the transcript of the justice as returned, and maybe on facts extrinsic. Before the court decide, diminution may be alleged, and the record made more complete — or some evidence given; as, where the party appealing is rich, and says, in presence of the other party, “ I will go for surety, and appeal”— his opponent replies, “You aré good enough yourself — I ask no other bail:” and the justice, on this, takes the recognizance of the man himself. Now I apprehend no court would after this, permit a party to object, and deprive his opponent of trial for a reason which he had expressly waved. If this matter is decided on- proof of *140 facts, that should appear. The man who objects, ought to see that the matter, and the whole matter is put on the record; for after a full and fair trial, I repeat, we would not readily deprive a party of the benefit and effect of it, and send him back irretrievably bound to pay what we see he does not owe.
Judgment affirmed.